IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANITA AGUILAR ) | |
| ) | Case No.: |
| Plaintiff, ) | Judge |
| ) | |
| v. ) | |
| ) | |
| PORT AUTHORITY TRANS-HUDSON CORP. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**
**JURY DEMAND ENDORSED HEREON**

Plaintiff, Anita Aguilar, by way of Complaint against Defendant, states as follows:

1. This action is commenced against Defendant Port Authority Trans-Hudson Corp. ("PATH") pursuant to an Act of Congress known as the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51 et seq.

Parties

2. Plaintiff, Anita Aguilar, is an individual residing in West Orange, New Jersey, and at all pertinent times stated herein was employed by PATH as a Conductor.

3. Defendant PATH is a wholly owned subsidiary of The Port Authority of New York and New Jersey, duly authorized by the Laws of the State of New York and the Laws of the State of New Jersey, and that the parent, The Port Authority of New York and New Jersey, is a body corporate and politic created by a Compact between the States of New York and New Jersey, with the consent of the Congress of the United States.

4.      Defendant PATH is a railroad corporation organized and existing under and by virtue of the laws referred to above, and as such is engaged as a common carrier by rail in interstate commerce, owning, operating and maintaining an interstate railroad system including property, tracks, and other railroad facilities within the State of New Jersey and within the jurisdiction of this Court, with its principal place of business located at 2 Montgomery Street, 3rd Floor, Jersey City, NJ 07302.

<u>JURISDICITON AND VENUE</u>

5.      This action is commenced, in part, pursuant to an Act of Congress known as the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51 et seq.

6.      This Court has jurisdiction over this matter pursuant to 45 U.S.C. §56.

7.      The incidents giving rise to Plaintiff's claims for relief occurred within the jurisdiction of this Court, and Defendant regularly conducts business within the jurisdiction of this Court.

8.      At all pertinent times stated herein, all or part of the duties of Plaintiff, as an employee of Defendant PATH, were in furtherance of interstate commerce, or directly, closely and substantially affected such commerce.

<u>FACTUAL ALLEGATIONS</u>
<u>Incident 1</u>

9.      On or about September 12, 2013, Plaintiff, while leaving the Pavonia station and as a part of her duties as a Conductor for Defendant PATH, was moving between one train car to another.  She opened the vestibule door, and was blocked by a crowd of passengers from quickly moving through the doorway.  The vestibule door abruptly closed on Plaintiff, striking her right side and arm.  (Said incident will be referred to herein as "Incident 1".)

10.     Plaintiff had previously complained to Defendant PATH about over-crowding on this particular train, and requested that additional trains and/or cars be put into service.

11.     As a result of the impact of the door during Incident 1, Plaintiff suffered injuries to her whole body, including but not limited to her right upper extremity, including her arm, elbow, and shoulder.

12.     The injuries suffered by Plaintiff from Incident 1 required ongoing medical care and treatment, and will with reasonable certainty require additional medical treatment in the future.

13.     In treatment of said injuries caused by Incident 1, Plaintiff incurred medical and hospital expenses in the past and will, with reasonable certainty, incur such expenses in the future.

14.     As a result of Incident 1, Plaintiff also suffered mental and emotional injury, and will with reasonable certainty suffer from such injury in the future.

15.     All of said injuries have caused Plaintiff pain, suffering and mental anguish and will, with reasonable certainty, continue in the future and be permanent.

16.     As a result of said injuries arising from Incident 1, Plaintiff lost income that she otherwise would have earned and will, with reasonable certainty, lose such income in the future.

## Incident 2

17.     On or about November 18, 2015, Plaintiff, as a part of her duties as a Conductor for Defendant PATH, was climbing a set of stairs in Defendant's facility at Journal Square in Jersey

City, New Jersey when she slipped on oil spilled on the stairway and struck her knee on the concrete stairs. (Said incident will be referred to herein as "Incident 2".)

18. Upon information and belief, the oil was spilled by other PATH employees and was not properly reported and/or cleaned by Defendant.

19. At the time of Incident 2, Plaintiff was at all times acting with reasonable care to prevent injury to herself.

20. As a result of the fall herein described as Incident 2, Plaintiff suffered injuries to her whole body, including but not limited to her lower extremities, including her left knee, and foot.

21. The injuries suffered by Plaintiff from Incident 2 required ongoing medical care and treatment, and will with reasonable certainty require additional medical treatment in the future.

22. In treatment of said injuries caused by Incident 2, Plaintiff incurred medical and hospital expenses in the past and will, with reasonable certainty, incur such expenses in the future.

23. As a result of Incident 2, Plaintiff also suffered mental and emotional injury, and will with reasonable certainty suffer from such injury in the future.

24. All of said injuries have caused Plaintiff pain, suffering and mental anguish and will, with reasonable certainty, continue in the future and be permanent.

25. As a result of said injuries arising from Incident 2, Plaintiff lost income that she otherwise would have earned and will, with reasonable certainty, lose such income in the future.

FIRST CLAIM FOR RELIEF
Federal Employers' Liability Act – Incident 1

26. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 25 of this Complaint as if fully rewritten herein.

27. Defendant PATH, as a common carrier by rail and as Plaintiff's employer at the time of the subject incident, has a non-delegable duty to provide Plaintiff with a safe place to work.

28. The injuries suffered by Plaintiff on September 12, 2013, as described herein, were caused, in whole or in part, by the negligence of Defendant PATH and/or its agents and employees, including, but not limited to, failing to provide Plaintiff with a reasonably safe place to work, failing to properly maintain its equipment, failing to provide adequate warning, failing to safely assign work tasks to employees and/or agents, failing to maintain safe work premises, and failing to provide sufficient training and instruction.

29. As a result of said negligence, Plaintiff has suffered damages as more fully set forth herein, including pain, suffering and mental anguish, hospital and medical expenses, and lost income that she otherwise would have earned. All of said damages were incurred in the past, and will with reasonable certainty be incurred in the future and may be permanent.

### SECOND CLAIM FOR RELIEF
### Federal Employers' Liability Act – Incident 2

30. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 29 of this Complaint as if fully rewritten herein.

Case 2:16-cv-05428-MCA-MAH   Document 1   Filed 09/07/16   Page 6 of 7 PageID: 6

31. Defendant PATH, as a common carrier by rail and as Plaintiff's employer at the time of the subject incident, has a non-delegable duty to provide Plaintiff with a safe place to work.

32. The injuries suffered by Plaintiff on or about November 18, 2015, as described herein, were caused, in whole or in part, by the negligence of Defendant PATH and/or its agents and employees, including, but not limited to, failing to provide Plaintiff with a reasonably safe place to work, failing to properly maintain its premises, failing to provide adequate warning, failing to maintain safe work premises, and failing to provide sufficient training and instruction.

33. As a result of said negligence, Plaintiff has suffered damages as more fully set forth herein, including pain, suffering and mental anguish, hospital and medical expenses, and lost income that she otherwise would have earned.  All of said damages were incurred in the past, and will with reasonable certainty be incurred in the future and may be permanent.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anita Aguilar demands judgment against the Defendant as follows:

(a) For her First Claim for Relief, Plaintiff demands judgment against Defendant, Port Authority Trans-Hudson Corporation, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) which a jury shall determine will fully, fairly, and reasonably compensate her for her injuries, losses and damages, plus interest and the cost of this action; and

(b) For her Second Claim for Relief, Plaintiff demands judgment against Defendant, Port Authority Trans-Hudson Corporation, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) which a jury shall determine will fully, fairly, and reasonably compensate her for her injuries, losses and damages, plus interest and the cost of this action.

6

.

                                                Respectfully submitted,

                                                */s/ Marc Wietzke*

                                                Marc Wietzke, Esq.
                                                Flynn & Wietzke, P.C.
                                                1205 Franklin Ave., Suite 370
                                                Garden City, N.Y. 11530
                                                T: (516) 877-1234
                                                F: (516) 877-1177
                                                mwietzke@felaattorney.com

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues in the manner specified by law.

                                                */s/ Marc Wietzke*

                                                Marc Wietzke, Esq.